ST. ROCCO'S PARISH FEDERAL CREDIT UNION, Appellant,

v.

AMERICA ONLINE, INC. et al., Appellees.

[Cite as St. Rocco's Parish Fed. Credit Union v. America Online, Inc., 151 Ohio App.3d 428, 2003-Ohio-420.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80795.

Decided Jan. 30, 2003.

Michael J. O'Shea and Joel Levin; The Roberts Law Firm and Kevin T. Roberts, for appellant.

Arter & Hadden, L.L.P., Neal M. Rains and Benjamin C. Sasse; Kirkland & Ellis, Eugene F. Assaf, Stacey L. Bennett, Daniel T. Donovan and Thomas D. Yannucci; Richard A. Cordray, for appellees.

ANNE L. KILBANE, Judge.

{¶ 1} This is an appeal from an order of Judge Bridget M. McCafferty that dismissed the class action complaint of appellant St. Rocco's Parish Federal Credit Union ("Credit Union") against America Online, Inc., and AOL Time Warner, Inc. (collectively, "AOL") alleging that AOL's software, version 6.0 caused its computer local area network to malfunction. The judge dismissed the case without prejudice after ruling that the terms of AOL's membership agreement require that disputes with AOL be brought in an applicable court in the state of Virginia. We dismiss this appeal and remand the cause because the judge's rulings did not constitute a final, appealable order.

{¶ 2} The Credit Union, an AOL subscriber and user of AOL internet services, claims that when its employee attempted to install AOL software, version 6.0, on one of its networked computers, the software's automatic system configuration and settings interfered with the operation of its network, causing damages. It sought relief against America Online, Inc., under theories of strict product liability, negligence, and breach of implied warranties, through claims that AOL version 6.0, as a product provided to St. Rocco by AOL, caused its damages. AOL, on behalf of America Online, Inc., responded by filing a motion to dismiss for improper forum, citing language contained in the software license agreement, to which any user must agree before the software is installed on a given computer. The terms-of-use clause states:

{¶ 3} "You [meaning, 'user'] expressly agree that exclusive jurisdiction for any claim or dispute with AOL or relating in any way to your membership or your use of AOL resides in the courts of Virginia and you further agree and expressly consent to the exercise of personal jurisdiction in the courts of Virginia in connection with any such dispute including any claim involving AOL or its affiliates * * *."[1]

{¶ 4} AOL, on behalf of AOL Time–Warner, Inc., also moved to dismiss the complaint on the grounds that that specific entity only came to be in existence on January 11, 2001, six days after the Credit Union sustained its claimed damages and was, therefore, not a proper party to this lawsuit.

{¶ 5} The judge issued the following journal entry on October 4, 2001:

---

1. See AOL Terms of Service Agreement, Section 8, Law and Legal Notices.

{¶ 6} "Defendant America Online, Inc.'s motion to dismiss for improper forum filed on August 6, 2001, is granted. However, pursuant to Ohio Rule Civil Pro. 3(D), this action is stayed for sixty days. The plaintiff shall file an affidavit stating the action has been recommenced in the out-of-state forum within sixty days. If no affidavit is filed, the action will be dismissed without prejudice. Having found venue lacking, the court declines to rule on AOL Time Warner's renewed motion to dismiss as improper defendant. Pltf to notify court upon filing of said affidavit."

{¶ 7} When the Credit Union failed to submit an affidavit stating that the case had been filed in Virginia, the case was dismissed without prejudice on December 31, 2001, by a journal entry that noted its disposition as "FINAL," without including any language specified by Civ.R. 54(B), in spite of the fact that it had declined to rule on AOL Time Warner, Inc.'s motion to dismiss as an improper party. The Credit Union appealed alleging that it was error to enforce America Online, Inc.'s motion to dismiss for improper forum.

{¶ 8} We must address, sua sponte, whether this appeal is from a final appealable order.

{¶ 9} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."[2] "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment * * *."[3] If an order is not final and appealable, then the appellate court does not possess jurisdiction to review the matter, and the appellate court must dismiss it sua sponte.[4]

{¶ 10} Civ. R. 54(B) provides: "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

---

2. Section 3(B)(2), Article IV, Constitution.

3. R.C. 2505.02(B).

4. *Honess v. Ghali* (Mar. 22, 2001), Cuyahoga App. Nos. 76802 and 77623, 2001 WL 280144.

{¶ 11} "The purposes of Civ. R. 54(B) are ' "* * * to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals" * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *.' "[5] "However, a trial court can enter a final, appealable order as to fewer than all of the claims or all of the parties in a multiple-claim or multiple-party action only upon an express determination that there is 'no just reason for delay.' "[6,7]

{¶ 12} "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met."[8] "Rule 54(B) makes mandatory the use of the language, 'there is no just reason for delay.' Unless those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable."[9]

{¶ 13} The Credit Union alleged that AOL Time Warner, Inc., whom it did not allege to have been a party to the AOL Terms of Service Agreement containing the forum-selection clause, provided the AOL version 6.0 to it, to its detriment, under circumstances giving rise to liability. No determination has been made as to AOL Time Warner, Inc.'s suitability as a defendant in this matter as a new corporation absorbing America Online, Inc.'s potential liability for any acts of its subsidiary. There has also been no determination about the propriety of AOL Time Warner, Inc., as a party to this suit alleged to have distributed AOL version 6.0 and harmed the Credit Union, independent of any contract-rooted, forum-selection clause America Online Inc. is now attempting to enforce. We note Civ.R. 3(E), which states, essentially, that if venue is appropriate as to one defendant, it is appropriate as to all.[10]

{¶ 14} Independent of any contract-rooted, forum-selection clause America Online, Inc., is now attempting to enforce, the judge did not dispose of the Credit Union's complaint by ruling on AOL Time Warner, Inc.'s motion to dismiss as an

5. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67.

6. *Whitaker–Merrell Co. v. Geupel Const. Co.* (1972), 29 Ohio St.2d 184, 58 O.O.2d 399, 280 N.E.2d 922, syllabus.

7. *Chef Italiano Corp.*, supra, at 89, 541 N.E.2d at 68.

8. *Chef Italiano Corp.*, supra, at 88, 541 N.E.2d at 67.

9. *Nationsbanc Mort. Corp. v. Davet* (Oct. 19, 2000), Cuyahoga App. No. 77155, 2000 WL 1545314, citing *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381.

10. See Civ.R. 3(E).

improper party. She also did not determine that it was appropriate to include Civ.R. 54(B) "no just reason for delay" language in the order dismissing the Credit Union's claims without prejudice, preventing judgment in her court, under R.C. 2505.02. Declining to rule on AOL Time Warner, Inc.'s motion to dismiss, on the basis that an Ohio forum was improper as to America Online, Inc., puts the cart before the horse. We express no opinion about the ultimate disposition of these issues on remand.

{¶ 15} The appeal is dismissed, and the cause is remanded.

Appeal dismissed
and cause remanded.

JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., concur in judgment only.