JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Tracy Tolley, mother of William McCurdy III, appeals from the judgment of the trial court which awarded summary judgment to her employer's insurer, defendant Westfield Insurance Co. ("Westfield"), in Tolley's action for uninsured/underinsured motorists coverage. For the reasons set forth below, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} On or about June 15, 2000, William McCurdy, Jr. ("McCurdy") was a passenger in a vehicle operated by Jabrae Perry and owned by Buy Rite Auto Sales. McCurdy subsequently died from his injuries. On June 14, 2002, Tolley filed this action against her insurer, Allstate Insurance Co. ("Allstate"), her employer, Scarney Industries, Inc. and her employer's insurer, Westfield.
 {¶ 3} In her first claim for relief, plaintiff alleged that she is an insured under the Allstate policy and that she was asserting a claim, in accordance with the Supreme Court's decision in Sexton v. State Farm Mut. Auto. Ins. Co. (1982),69 Ohio St.2d 431, 433 N.E.2d 555, on behalf of her son for losses resulting from McCurdy's death. In her second claim for relief, plaintiff alleged that she is entitled to uninsured/underinsured coverage, pursuant to the authority of Scott-Pontzer v. LibertyMut. Ins. Co. (1999), 85 Ohio St.3d 660, 1999-Ohio-292,710 N.E.2d 1116, under a policy which Westfield had issued to her employer.
 {¶ 4} Both insurers denied liability and on May 21, 2003, Westfield filed a motion for summary judgment. Westfield asserted that plaintiff was not entitled to uninsured/underinsured motorists coverage under the policy, pursuant to H.B. 261, because it was not an "automobile liability policy." In an opinion and order dated July 3, 2002, the trial court entered summary judgment for Westfield and concluded, in relevant part, as follows:
 {¶ 5} "* * * the court hereby grants Westfield's motion for summary judgment and denies Tolley's motion for summary judgment. * * *. Plaintiff's claims against Westfield and defendant Allstate's cross-claims against Westfield are therefor dismissed, and the actions shall now proceed as between plaintiff and the sole remaining defendant, Allstate.
 {¶ 6} "It is so ordered."
 {¶ 7} We must address, sua sponte, whether this appeal is from a final appealable order.
 {¶ 8} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Constitution. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it * * * affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof."Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter, and must dismiss the case sua sponte. St. Rocco's Parish Fed. CreditUnion v. Am. Online, 151 Ohio App.3d 428, 2003-Ohio-420,784 N.E.2d 200; Young v. Cincinnati Ins. Co., Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 9} Civ.R 54(B) provides in pertinent part:
 {¶ 10} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third party claim * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
 {¶ 11} Pursuant to this rule, in order for an order to be final and appealable in a case involving multiple claims and multiple parties, the order must "dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B)." Horner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 288, 640 N.E.2d 857, appeal dismissed as improvidently allowed (1994), 67 Ohio St.3d 1422,616 N.E.2d 505. Moreover, in deciding that there is no just reason for delay, the trial judge must make a factual determination of whether the "interest of sound judicial administration is best served by allowing an immediate appeal." Wisintainer v. Elcen
Power Strut Co. (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136. The trial judge should be careful to avoid a mechanical application of the Civ.R. 54(B) language. Id.
 {¶ 12} In the instant case, the trial court entered summary judgment in favor of defendant Westfield and clearly resolved the claims against this defendant. However, the court expressly stated that "the actions shall now proceed as between plaintiff and the sole remaining defendant, Allstate." The court therefor entered judgment as to fewer than all of the claims and all of the parties in this multiple-claim, multiple-party action and did not make a determination that there is "no just reason for delay." Accordingly, we conclude that we are without jurisdiction over this matter, and we dismiss this appeal.
Kilbane, P.J., and Celebrezze, Jr., J., concur.
It is ordered that appellees recover of appellant, its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.