JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, David Redeye, appeals from the judgment of the Common Pleas Court granting the motion for summary judgment of defendant-appellee, Cecelia Belohlavek. For the reasons that follow, we dismiss for lack of a final appealable order.
 {¶ 2} In September 2003, Redeye brought suit against Belohlavek, alleging that on August 22, 2002, while he was retrieving some of his personal belongs from Belohlavek's home, he was bitten on the hand by one of Belohlavek's two dogs. The complaint further alleged that Belohlavek negligently allowed the dogs to remain on her property despite her knowledge that the dogs were vicious, aggressive and prone to bite people. Redeye's complaint sought recovery from Belohlavek for pain, medical expenses and permanent injury to his hand under theories of strict liability pursuant to R.C. 955.28(B)[1] and common law negligence.
 {¶ 3} Belohlavek subsequently filed a motion for summary judgment pursuant to Civ.R. 56. In her motion, Belohlavek argued that she was not liable under R.C. 955.28 because Redeye was a keeper and harborer of the dogs in question. Belohlavek also suggested that Redeye was a co-owner of the dogs because he registered the dogs, sometimes fed them, and took them to the vet with her while he lived with her.
 {¶ 4} Belohlavek made no argument regarding Redeye's negligence claim in her motion for summary judgment. After Redeye noted this omission in his brief in opposition to Belohlavek's motion and asserted that summary judgment regarding this claim would therefore be improper, Belohlavek filed a reply brief in which she argued that Redeye had assumed the risk of being injured by the dogs, and therefore she owed him no duty of care with respect to the dogs, because he had cared for them on other occasions prior to the date of his injury.
 {¶ 5} The trial court subsequently granted Belohlavek's motion. In its journal entry, the trial court set forth the standard for granting a motion for summary judgment and then stated:
 {¶ 6} "It is undisputed that the plaintiff and defendant lived together for approx. 20 years. It is also undisputed that the two dogs which caused the attack lived with the plaintiff and defendant for approx. 10 of those years. During that time the plaintiff was the registered owner of the dogs and equally responsible for the animals in that he admits to assisting in their care and veterinarian appointments.
 {¶ 7} "Plaintiff can not seek the protection of R.C. 955.28 which holds the owner, keeper, or harborer strictly liable for injuries, death, or property loss caused by a dog. Plaintiff is not within the class of people the statute was meant to protect as he is the registered owner, or in the least, the co-owner of the dogs. See Johnson v. Allonas
(1996), 116 Ohio App.3d 447. Further, as Plaintiff was at home alone with the animals, he was the keeper of the dogs on that occasion and possibly several others over the past 10 years. As no genuine issues remain in dispute, summary judgment is granted to defendant Cecelia Beholavek, for she is entitled to judgment as a matter of law."
 {¶ 8} Redeye appealed from this entry. Sua sponte, we consider whether his appeal is from a final appealable order.
 {¶ 9} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV of the Ohio Constitution. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B).
 {¶ 10} Where there are multiple claims and/or multiple parties to an action, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met. Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Civ.R. 54(B) provides:
 {¶ 11} "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties * * *."
 {¶ 12} In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter, and must dismiss the case sua sponte. St. Rocco's Parish Fed. Credit Union v. Am. Online,151 Ohio App.3d 428, 2003-Ohio-420; Young v. Cincinnati Ins. Co.,
Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 13} Here, Belohlavek did not move for summary judgment regarding Redeye's negligence claim. Moreover, even assuming that the "assumption of the risk" argument in her reply brief was adequate to move for summary judgment regarding this claim, it is not clear that the trial court's journal entry granting summary judgment disposed of Redeye's negligence claim. The journal entry states factual information regarding Redeye and Belohlavek's 20-year co-habitation and Redeye's care for the dogs, and then concludes that, in light of these facts, "Plaintiff can not seek the protection of R.C. 955.28." The journal entry makes no mention whatsoever of Redeye's negligence claim.
 {¶ 14} Because the trial court's judgment entry did not dispose of Redeye's negligence claim nor contain the "no just reason for delay" language of Civ.R. 54(B), the entry is not a final appealable order and we lack jurisdiction to consider Redeye's appeal.
Dismissed.
This appeal is dismissed.
It is, therefore, ordered that the parties share the costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Kilbane, J., concur.
[1] R.C. 955.28 states: "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit a trespass or other criminal offense on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property."