JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Samsel Rope Marine Supply Co. ("Samsel"), appeals the trial court's decision granting summary judgment in favor of defendant-appellee, Barbara Burgess, Executrix of the Estate of Robert L. Stolz ("the Estate"). The Estate, as third-party plaintiff/cross-appellant, appeals the trial court's decision dismissing its complaint against third-party defendant/cross-appellee, Harold Gray ("Gray"). For the reasons that follow, we dismiss for lack of a final appealable order.
 {¶ 2} In 2004, Samsel filed a complaint against the Estate asserting his right to enforce claims he made against the Estate. The Estate denied liability and filed a third-party complaint against Gray and Old River Road Restaurant Company ("Old River"), seeking indemnity for any losses incurred as a result of Samsel's claim and reimbursement for attorney fees and costs. Both Gray and Old River received certified mail service of the third-party complaint; however, only Gray filed an answer.
 {¶ 3} Samsel, the Estate, and Gray filed motions for summary judgment. The trial court denied Samsel's motion, granted the Estate's motion, and dismissed the third-party complaint, stating:
"Accordingly, Defendant Executrix' [sic] Motion for Summary Judgment is granted. Judgment is hereby entered in favor of said Defendant and against Plaintiff on Plaintiff's Complaint. As a result, Defendant Executrix's third-party complaint against Gray is dismissed."
 {¶ 4} Section 3(B)(2), Article IV of the Ohio Constitution provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.02(B) further provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 5} Where there are multiple claims and/or multiple parties to an action, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, * * * or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 6} In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter, and must dismiss the case sua sponte. St. Rocco's ParishFed. Credit Union v. America Online, Inc., 151 Ohio App.3d 428,2003-Ohio-420, 784 N.E.2d 200; Young v. Cincinnati Ins. Co.,
Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 7} In the instant case, the trial court's judgment entry did not include third-party defendant, Old River, or contain the "no just reason for delay" language of Civ.R. 54(B). Therefore, the entry is not a final appealable order because the claim against Old River is still pending. Accordingly, we lack jurisdiction to consider the appeal and cross-appeal.
Appeal dismissed.
It is ordered that appellee recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Rocco, J. concur