JOURNAL ENTRY and OPINION
{¶ 1} Defendants-appellants, Dan Rose and Interstate Auto Care, appeal from a common pleas court order granting a declaratory judgment to plaintiff-appellee, East 185th Street, Inc. Appellee has moved this court to dismiss the appeal for lack of a final appealable order. The motion was referred to the merit panel for decision. For the following reasons, we dismiss.
 {¶ 2} In its complaint, appellee claimed that appellants breached an agreement to lease property from appellee with an option to purchase it, and unlawfully occupied the property at issue. Appellee also asked the court to declare the parties' rights and obligations under the lease agreement. Appellant counterclaimed for a declaratory judgment regarding the parties interests in the contract and requested an accounting of the payments that had been made to date.
 {¶ 3} Appellee moved the court for summary judgment on its claim for a declaratory judgment. The court granted appellee's motion, finding that (a) appellee is the legal owner of the real property, (b) the purchase agreement is not governed by the Ohio Land Installment Contracts Act, and (c) in the event that the court finds that appellants have breached the agreement, appellee is entitled to all remedies provided for in the executed "Purchase, Land Installment and Sale Agreement." Appellants appeal from this order.
 {¶ 4} Pursuant to Civ.R. 54(B), in order for an order to be final and appealable in a case involving multiple claims and multiple parties, the order must "dispose of at least one full claim by one party against another and contain an express certification pursuant to Civ.R. 54(B)." Horner v. Toledo Hosp.
(1993), 94 Ohio App.3d 282, 288. The common pleas court's order here does not address all claims by all parties. Appellee's claim for breach of contract and for forcible entry and detainer, as well as appellants' claim for an accounting, remain pending. The common pleas court did not find that there was no just reason for delaying appeal. Therefore, the court's order is not final and appealable. See, e.g., Tolley v. Allstate Ins. Co., Cuyahoga App. No. 83255, 2004-Ohio-1270, ¶ 12.
Dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J. and Gallagher, J. Concur.