JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Dutch Maid Logistics, Inc. ("Dutch Maid"), appeals the trial court's decision denying its motion for summary judgment and simultaneously granting summary judgment in favor of defendant-appellee, Acuity, a.k.a. Acuity A Mutual Insurance Company ("Acuity") on the issue of insurance policy coverage and duty to defend. Dutch Maid also appeals the trial court's decision granting summary judgment on its bad-faith claim in favor of Acuity. For the reasons that follow, we dismiss for lack of a final appealable order.
 {¶ 2} In 2003, Dutch Maid filed a complaint for declaratory judgment against Acuity, Penske Truck Leasing Company, L.P. ("Penske"), and Steven R. Moore ("Moore"). The complaint requested declaratory relief regarding Acuity's duty to defend and its insurance policy coverage for claims arising from an August 2001 motor vehicle accident.
 {¶ 3} Penske filed its answer and a cross-claim against Acuity for a declaratory judgment that Acuity had a duty to defend and indemnify Penske under the terms and provisions of the policy. It further argued that Acuity breached its duty by failing to defend and indemnify Penske for all damages incurred, specifically defense costs and any settlements and/or judgments obtained against it.
 {¶ 4} Acuity filed its answer to Dutch Maid's complaint, arguing that its policy limits were exhausted and thus it did not have a continuing duty to defend. With regard to Penske's cross-claim, Acuity argued that it offered to provide Penske with a defense under a reservation of rights but Penske refused to accept such defense and chose to voluntarily defend itself at its own expense.
 {¶ 5} Acuity then filed a counterclaim and cross-claims for declaratory relief against Dutch Maid, Moore, and Penske with respect to its policy limits, duty to defend, and indemnification obligations. Acuity also filed a separate cross-claim against Penske seeking a declaration that it fulfilled its obligation to defend Penske by offering to appoint and pay for counsel to defend against the suits arising from the August 2001 motor vehicle accident.
 {¶ 6} Acuity moved for summary judgment on Dutch Maid's complaint and on Penske's cross-claim. Dutch Maid also filed a motion for summary judgment on its complaint. Acuity subsequently filed a separate motion for summary judgment on its counterclaim and cross-claims for declaratory relief.
 {¶ 7} The trial court, in ruling solely on Acuity and Dutch Maid's motions for summary judgment regarding policy coverage and duty to defend, granted summary judgment in Acuity's favor. The trial court declared that "there is no additional insurance coverage available to [Dutch Maid] as the limits of the policy are exhausted." The court further declared that "based on the exhaustion of insurance coverage, [Acuity] does not have a duty to defend the remaining litigation arising out of this accident on behalf of [Dutch Maid]." The court's judgment entry, although addressing the claims asserted by Dutch Maid, is silent regarding Penske's cross-claim declaratory judgment and Acuity's counterclaim and cross-claims for declaratory judgment.
 {¶ 8} Acuity subsequently moved for summary judgment on Dutch Maid's bad faith claim, arguing that because Dutch's Maid's claim was based on Acuity's alleged lack of justification for its coverage position, the trial court's previous ruling granting summary judgment in its favor on coverage renders the bad faith claim meritless. The trial court agreed and found that Acuity did not act in bad faith in denying additional coverage to Dutch Maid.
 {¶ 9} Section 3(B)(2), Article IV of the Ohio Constitution provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.02(B) further provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial," when it "affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 10} When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order. Accent Group, Inc. v. Village of N. Randall, Cuyahoga App. No. 83274, 2004-Ohio-1455, citing Haberley v. NationwideMut. Fire Ins. Co. (2001), 142 Ohio App.3d 312, 755 N.E.2d 455.
 {¶ 11} Where there are multiple claims and/or multiple parties to an action, an order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Civ.R. 54(B) provides:
"When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, * * * and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *."
 {¶ 12} In the absence of a final appealable order, the appellate court does not possess jurisdiction to review the matter, and must dismiss the case sua sponte. St. Rocco's ParishFed. Credit Union v. America Online, Inc., 151 Ohio App.3d 428,2003-Ohio-420, 784 N.E.2d 200; Young v. Cincinnati Ins. Co.,
Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 13} In the instant case, the trial court's judgment entries do not make any express declaration of rights regarding Penske's cross-claim for declaratory judgment or Acuity's counterclaim or cross-claims for declaratory judgment. Because these claims are still pending and the trial court's judgment entries do not contain the "no just reason for delay" language of Civ.R. 54(B), the entries are not final appealable orders. Accordingly, we lack jurisdiction to consider the appeal.
Appeal dismissed.
It is ordered that appellees recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J. Concurs; McMonagle, J. Concurs.