DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Appellant, Anthony Martin ("Martin"), appeals from the decision of the Wayne County Court of Common Pleas. We dismiss.
 I. {¶ 2} On March 8, 2006, Martin was at the home of Dennis Holmes ("Holmes") and Pamela Long ("Long"), located in Wooster, Ohio. While he was there, the City of Wooster police and the Medway Drug Enforcement Agency ("Medway") executed a search warrant. The search warrant was issued based upon information linking Holmes and Long to drug activity. *Page 2 
 {¶ 3} After police knocked and announced their presence, Holmes looked out the window, but did not open the door. He opened the door only after police commanded him to do so. Upon entering the home, Detective Anthony Lemmon ("Lemmon") proceeded upstairs to secure the second floor and saw Martin exiting the bathroom. Lemmon handcuffed Martin and another officer escorted him downstairs. Lemmon searched the rest of the second floor and found that the only other person upstairs was a young child who was asleep. Once downstairs, Medway Agent Dustin Burnett ("Burnett") searched Martin and discovered a small rock of suspected crack cocaine in his front pocket. Meanwhile, Lemmon searched the bathroom he observed Martin exiting. In the toilet, he found a plastic baggie containing a large quantity of crack cocaine. A thorough search of the bathroom uncovered crack cocaine in the trap and neck of the toilet, on the floor, and in the garbage can. The quantity of crack cocaine found in the bathroom totaled over 43 grams. Martin admitted to Burnett that the small rock located in his front pocket was crack cocaine and that it belonged to him. He similarly confessed to smoking crack earlier that night. However, he denied having any knowledge of the large quantity discovered in the bathroom.
 {¶ 4} On March 30, 2006, an indictment was filed charging Martin with one count of possession of more than 25 grams of crack cocaine, a felony of the first degree, one count of possession of less than one gram of crack cocaine, a felony of the fifth degree, and one count of knowingly obtaining, possessing, or *Page 3 
using marijuana, a minor misdemeanor. All three counts were violations of R.C. 2925.11. Despite having earlier admitted to possessing the crack cocaine located in his pocket, Martin pled not guilty to these charges and a jury trial commenced on June 5, 2006. Upon Martin's motion, a mistrial was ordered and the case was rescheduled for trial. The retrial commenced on September 5, 2006. Again, upon Martin's motion, a second mistrial was ordered and the case was rescheduled for yet a third trial. The retrial commenced before a jury on September 11, 2006. The jury found Martin guilty on both felony counts as charged in the indictment. Martin was sentenced to seven years incarceration for possession of more than 25 grams of crack cocaine and one year incarceration for possession of less than one gram of crack cocaine, to be served concurrently. Martin timely appealed only from his conviction and sentence for possession of more than 25 grams of crack cocaine.
 II. ASSIGNMENT OF ERROR "THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE JURY'S VERDICT OF GUILTY AS TO FIRST-DEGREE FELONY COUNT OF POSSESSION OF CRACK COCAINE SET FORTH IN THE INDICTMENT, AND [MARTIN'S] CONVICTION OF THAT FRIST-DEGREE (SIC) FELONY COUNT OF POSSESSION OF CRACK COCAINE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 4 
 {¶ 5} In his sole assignment of error, Martin contends that his conviction for possession of crack cocaine was based on insufficient evidence and was against the manifest weight of the evidence.
 {¶ 6} We are required to sua sponte dismiss appeals which are not from final appealable orders. Whitaker-Merrell Co. v. Geupel Constr. Co.,Inc. (1972), 29 Ohio St.2d 184, 186. We find that the trial court's judgment entry fails to satisfy the mandates of Crim.R. 32(C) and as such, is not a final appealable order. State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 3. Accordingly, we do not have jurisdiction to hear this appeal. Id. citing Section 3(B)(2), ArticleIV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 7} Crim.R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 8} This Court observed in Miller that Crim.R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 "1. the plea;
 "2. the verdict or findings;
 "3. the sentence;
 "4. the signature of the judge; and
 "5. the time stamp of the clerk to indicate journalization." See Miller at ¶ 5. *Page 5 
 {¶ 9} The first element required under Crim.R. 32(C) is the plea. After the journalization of Miller, any sentencing orders journalized in the trial court must include the defendant's plea, regardless of how he pled and regardless of the circumstances of the case. In the present case, Martin was indicted on three counts of possession of illegal substances, all in violation of R.C. 2925.11. The judgment entry correctly states that Martin entered a plea of "not guilty" to the indictment. Therefore, the entry satisfies the first element of Crim.R. 32(C).
 {¶ 10} The second element of a judgment entry under Crim.R. 32(C) is the "verdict or findings."
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Id., at ¶ 11.
 {¶ 11} In the instant case, the trial court failed to set forth a finding as to the third count in the indictment, a minor misdemeanor, thus failing to meet the requirements under Crim.R. 32(C). Instead, the judgment entry states that "following a trial by jury, the jury returned verdicts of `guilty' as to Counts I and II of the indictment in this case." Further, with respect to the sentencing element of Crim.R. 32(C), we note that the entry only imposes sentence as to Counts I and II of the indictment. Without the requisite finding of guilt and the sentence as to Count III of the indictment, the judgment entry does not constitute a final *Page 6 
appealable order. Therefore, we are without jurisdiction to consider the merits of Martin's appeal.
 {¶ 12} The journal entry meets the remaining requirements of Crim.R. 32(C) in that it contains the signature of the judge and the time stamp of the clerk.
{¶ l3} Because the trial court's judgment entry fails to comply with Crim.R. 32(C), we dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order.
 III.
Based on the foregoing, this Court lacks jurisdiction and we hereby dismiss the instant appeal for lack of a final appealable order.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 7 
WHITMORE, P. J., CONCURS.