**NORTH SHORE AUTO FINANCING, INC., d.b.a.
Car Now Acceptance Co., Appellee,**

v.

**BLOCK et al., Appellants.**

[Cite as *N. Shore Auto Financing v. Block*, 176 Ohio App.3d 205, 2008-Ohio-1708.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89849.

Decided April 10, 2008.

206

Reminger & Reminger Co., L.P.A., Roy A. Hulme, and Holly M. Wilson; and Summers & Vargas Co., L.P.A., and William L. Summers, for appellee.

Ronald Frederick & Associates Co., L.P.A., Ronald I. Frederick, and John L. Cullen; and Roddy Klein & Ryan and John J. Roddy, for appellants.

---

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Defendants-appellants, Andrew Block and the other members of the certified Usury Class ("Block"), appeal from the trial court's judgment, rendered after a bench trial, in favor of plaintiff-appellee, North Shore Auto Financing, Inc., d.b.a. Car Now Acceptance Corporation ("CNAC") and third-party defendant North Shore Auto Sales, d.b.a. J.D. Byrider ("North Shore"). We dismiss for lack of a final, appealable order.

{¶ 2} This case began as a collection action filed by CNAC against Block in the Cleveland Municipal Court. On February 3, 1996, Block purchased a 1988 Chevrolet Cavalier from North Shore, who arranged and provided financing for Block's purchase through a retail installment contract and security agreement. North Shore, which had purchased vendor's single interest ("VSI") insurance [1] from Interstate Insurance Company ("IIC"), included a $35 charge for VSI insurance in the "Amount Financed" on the installment contract. North Shore then assigned the contract to CNAC.

{¶ 3} On April 17, 1997, Block, having decided he no longer wanted to pay for the car, voluntarily returned his vehicle to North Shore. CNAC subsequently issued a notice of repossession to Block, formally acknowledging the return of the financed vehicle. It then filed this lawsuit against Block to collect the amount owed on his debt, less the amount obtained by the sale of his car. Block subsequently counterclaimed against CNAC and sued North Shore as a third-party defendant, alleging that CNAC and North Shore had violated Ohio's Retail Sales Installment Agreement Act [2] ("RISA") and the Consumer Sales Practices Act.[3] Specifically, Block alleged that (1) the repossession notice issued by CNAC

---

1.  "Generally speaking, VSI insurance protects a [lender] against the risk of uninsured physical loss or damage to the automobile collateral because the borrower ha[s] failed to obtain or to maintain insurance on the automobile collateral. The insured (lender) can make a claim under a VSI policy when a borrower defaults on a car loan and the car, when repossessed by the lender, is in a damaged condition and the borrower does not have other insurance to repair the damage." *Credit Gen. Ins. Co. v. Marine Midland Bank, N.A.* (S.D.Ohio, 1992), No. C–3–86–561, 1992 WL 1258518.

2.  R.C. 1317.01 et seq.

3.  R.C. 1345.01 et seq.

allowed him only ten days to cure his default, instead of 20 days, as mandated by R.C. 1317.12, and (2) the $35 VSI charge was actually an undisclosed finance charge that increased the interest rate under the financing agreement above the 25% per annum maximum rate allowable in Ohio under R.C. 1317.061.

{¶ 4} The matter was removed to the Cuyahoga Court of Common Pleas. The trial court subsequently granted Block's motion to certify a class action and certified two classes: the Defective Notice Class and the Usury Class. The trial court later disposed of the claims made by the Defective Notice Class through summary judgment, finding that the notice of repossession issued to Block violated R.C. 1317.12 in that it allowed only ten days to cure the default, instead of the mandated 20 days. The trial court ruled that as a result of the violation, CNAC was barred from obtaining a deficiency judgment against Block, but was not required to disgorge monies collected from past deficiency judgments awarded against other Defective Notice Class members. CNAC then dismissed its claim against Block, and this issue is not before this court on appeal.

{¶ 5} The trial court conducted a bench trial as to the claims of the Usury Class. During trial, Block raised two new allegations against North Shore to support his undisclosed finance charge claim. Specifically, Block's expert testified that North Shore failed to meet federal Truth in Lending Act[4] ("TILA") disclosure requirements that are a pre-condition to excluding the $35 VSI premium from the finance charge, because (1) Block was not advised that he could purchase VSI coverage on the open market from an insurer of his choice and (2) North Shore never disclosed the VSI premium to Block, because, as a matter of practice, it marked the space provided for disclosure of the cost of VSI on the Installment Contract as "N/A" (not applicable).[5]

{¶ 6} At the close of trial, Block orally moved to amend the pleadings to conform to the evidence at trial. When the trial judge stated that he would hear argument regarding that motion, North Shore's counsel stated, "Well, there's no objection to it, Judge," and then moved on to discuss North Shore's renewed motion for a directed verdict. The trial court did not further address Block's motion.

{¶ 7} In light of opposing counsel's agreement to amendment of the pleadings, Block subsequently filed his second amended counterclaim and third party claim.

---

4.  15 U.S.C. 1601 et seq.

5.  Under TILA, VSI premiums may be excluded from the finance charge only if "the insurance coverage may be obtained from a person of the consumer's choice, and this fact is disclosed. If the coverage is obtained from or through the creditor, the premium for the initial term of insurance coverage shall be disclosed." Failure to meet these conditions requires that the VSI premium be treated as a finance charge. Regulation Z, 12 C.F.R. § 226.4(d)(2)(i) and (ii).

The trial court later issued findings of fact and conclusions of law and entered judgment in favor of CNAC and North Shore. The trial court found that the $35 VSI premium included in Block's sales agreement did not violate RISA, because North Shore had requested that IIC issue a VSI policy with a waiver of subrogation, and although IIC erroneously issued a policy with subrogation rights preserved, "once the error was realized, it was corrected via reformation" (albeit nearly eight years *after* Block purchased a car from North Shore). The court also found that the $35 charge did not constitute a "willful" violation under RISA. Finally, the court held that Block could not prove a RISA violation, because he had not provided North Shore with notice of its usury violations in the manner required by RISA. The trial court's entry did not address Block's claims that North Shore did not make the required TILA disclosures necessary to exclude the VSI premium from the finance charge, nor did it contain any Civ.R. 54(B) language.

{¶ 8} Courts of appeals have jurisdiction over "final orders" of lower courts. Section 3(B)(2), Article IV of the Ohio Constitution. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial" when it "affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B).

{¶ 9} When there are multiple claims and/or multiple parties to an action, an order of a court is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B) are met. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. Under Civ.R. 54(B), when more than one claim for relief is presented in an action, a court may enter final judgment as to fewer than all of the claims "only upon an express determination that there is no just reason for delay." In the absence of such a determination, "any order * * * which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims or parties."

{¶ 10} In the absence of a final, appealable order, the appellate court lacks jurisdiction to review the matter and must dismiss the case. *St. Rocco's Parish Fed. Credit Union v. Am. Online,* 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200, at ¶ 9.

{¶ 11} Here, North Shore concedes that the trial court did not rule on Block's TILA claims, but asserts that the trial court's failure to explicitly grant or deny Block's motion to amend the pleadings to conform to the evidence indicates that the motion was denied. In light of counsel's statement that he had "no objection" to the motion, and North Shore's subsequent failure to move to strike Block's amended pleading, this argument is specious. North Shore also argues that for

various reasons, it did not violate TILA. Such a determination is for the trial court in the first instance, however; not this court.

{¶ 12} Lacking a final, appealable order pursuant to R.C. 2505.02 and Civ.R. 54(B), we have no jurisdiction to consider appellants' appeal and, therefore, dismiss the appeal.

Appeal dismissed.

GALLAGHER, P.J., and CELEBREZZE, J., concur.