DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Abel, appeals his conviction out of the Lorain County Court of Common Pleas. This Court dismisses for lack of a final, appealable order.
 I. {¶ 2} On November 29, 2006, Abel was indicted on three counts of theft in violation of R.C. 2913.02(A)(1), felonies of the third degree, each with a firearm specification; one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and without a firearm specification; one count of safecracking in violation of R.C. 2911.31(A), a felony of the fourth degree; and one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, with a firearm specification. Abel pled not guilty to the charges.
 {¶ 3} On January 10, 2007, Abel filed a motion to suppress, which he later withdrew. On June 21, 2007, the State moved to consolidate Abel's case with the cases involving two co-defendants. *Page 2 
Abel opposed the motion to consolidate, and the State replied. The two co-defendants ultimately entered pleas, rendering the motion to consolidate moot.
 {¶ 4} On October 25, 2007, Abel voluntarily waived and relinquished his right to a trial by jury, and the matter proceeded to trial before the court. At the conclusion of the bench trial, the court found Abel guilty of all six counts and the four firearm specifications. Abel filed a sentencing memorandum, appending numerous letters by friends, family and community members in support. The trial court sentenced Abel to one year in prison on the firearm specification and to three years of community control on counts one through five. There is no indication that the trial court sentenced Abel for his safecracking conviction.
 {¶ 5} Abel filed a motion to stay his sentence pending the appeal. The trial court granted the stay and set bail conditioned upon Abel's "appealing this matter without delay[.]" Abel filed his notice of appeal on January 3, 2008. On January 9, 2008, the trial court noted that it had granted a stay of enforcement of the prison sentence and ordered Abel to immediately begin serving his community control sentence pending the determination of the appeal. Abel raises three assignments of error for this Court's review.
 II. ASSIGNMENT OF ERROR I "APPELLANT'S RIGHT TO INDICTMENT BY GRAND JURY UNDER THE OHIO CONSTITUTION, AND APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTIONS WERE VIOLATED BECAUSE COUNT FOUR OF THE INDICTMENT OMITTED ESSENTIAL ELEMENTS OF THE OFFENSE OF BURGLARY."
 ASSIGNMENT OF ERROR II "THE CONVICTIONS FOR ALL COUNTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 ASSIGNMENT OF ERROR III "THE CONVICTIONS FOR THE GUN SPECIFICATIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} Abel asserts that his convictions must be reversed because his burglary indictment is defective and the convictions on all six counts, and the gun specifications, are against the manifest weight of the evidence. This Court lacks the jurisdiction to consider Abel's arguments.
 {¶ 7} This Court must "sua sponte dismiss appeals which are not from final appealable orders." State v. Martin, 9th Dist. No. 06CA0069,2007-Ohio-5764, at ¶ 6. A "judgment of conviction * * * must include the sentence and the means of conviction * * * to be a final appealable order under R.C. 2505.02." State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶ 19. In addition, Crim. R. 32(C) requires that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence[,]" as well as the signature of the judge and the time stamp of the clerk to indicate journalization. See, also, Martin at ¶ 6.
 {¶ 8} This Court has held that "a Journal Entry must dispose of all charges brought in a single case against a defendant in order to be final." State v. Goodwin, 9th Dist. No. 23337, 2007-Ohio-2343, at ¶ 13. In this case, Abel was found guilty of six charges, plus four firearm specifications. The trial court, however, only sentenced Abel on "Counts One, Two, Three, Four and Five[,]" as well as on a firearm specification. Because the trial court did not dispose of all the charges against Abel, this Court lacks the subject matter jurisdiction to address the appeal. Accordingly, the appeal must be dismissed. *Page 4 
 III. {¶ 9} Abel's Judgment Entry of Conviction and Sentence out of the Lorain County Court of Common Pleas does not constitute a final, appealable order. Accordingly, the appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 5