{¶ 25} I respectfully dissent. I would decline to address the merits of this appeal, and instead, dismiss the matter for lack of a final, appealable order.
 {¶ 26} This court's jurisdiction is limited to reviewing only final orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district ***." Section 3(B)(2), Article IV, Ohio Constitution. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. St. Rocco's Parish Fed. Credit Union v. Am.Online, 151 Ohio App.3d 428, 431, 2003-Ohio-420, 784 N.E.2d 200;Young v. Cincinnati Ins. Co., 8th Dist. No. 82395, 2003-Ohio-4196. *Page 11 
 {¶ 27} Juv. R. 29[1] governs the procedures during an adjudicatory hearing and provides in relevant part the following:
 {¶ 28} "(F) Procedure upon determination of the issues.
 {¶ 29} Upon the determination of the issues, the court shall do one of the following:
 (1) If the allegations of the complaint, indictment, or information were not proven, dismiss the complaint;
 (2) If the allegations of the complaint, indictment, or information are admitted or proven, do any one of the following, unless precluded by statute:
 (a) Enter an adjudication and proceed forthwith to disposition * * *."
 {¶ 30} As the majority correctly points out, two of the overriding purposes for dispositions under the juvenile chapter are to "protect the public interest and safety," and to "hold the offender accountable for the offender's actions." R.C. 2152.01(A). The majority, however, ignores the fact that these two purposes are similar to and nearly identical to the overriding purposes of the felony sentencing to "protect the public from further crime by the offender and others and to punish the offender." R.C. 2929.11. *Page 12 
 {¶ 31} Accordingly, it is correct to liken Juv. R. 29(F) to Crim. R. 32(C) insofar as Crim. R. 32(C) mandates that a trial court "set forth the plea, verdict or findings, and the sentence" of a judgment of conviction. Huckleby, supra.
 {¶ 32} The Supreme Court of Ohio recently interpreted Crim. R. 32(C) inState v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court." Id. at syllabus.
 {¶ 33} Thus, a trial court's ruling is interlocutory and not a final appealable order when it fails to provide a sentence on each and every offense for which a defendant is convicted. State v. Abel, 9th Dist. No. 08CA009310, 2008-Ohio-4938; State v.Connor (Oct. 31, 1996), 8th Dist. No. 70057;Cleveland v. Makris (May 5, 1994), 8th Dist. Nos. 62632, 62633, 62634.
 {¶ 34} As did the Third District in Huckleby, supra, I would find that Juv. R. 29(F), like Crim. R. 32(C), requires a juvenile court to render a disposition as to each count in which a juvenile is adjudicated a delinquent and the absence of a disposition on each and every count renders the juvenile court's judgment interlocutory and not a final, appealable order.
 {¶ 35} In the instant matter, at the adjudicatory hearing and in its journal entry dated August 5, 2008, the juvenile court provided a blanket disposition of 12 months *Page 13 
commitment at ODYS and not separate dispositions for each of the two felonious assault adjudications. Additionally, the trial court provided a one-year commitment for the one-year firearm specification (R.C. 2152.17(A)(1)) of which it found appellant delinquent, but failed to provide a disposition as to the three-year firearm specification (R.C. 2152.17(A)(2)) of which appellant was also found delinquent. The majority maintains "R.W. was appropriately sentenced to the minimum sentence pursuant to R.C. 2152.17(A)(2) and the maximum sentence pursuant to R.C. 2152.17(A)(1); hence there is a sentence for the merged firearm specifications." However, a court speaks through its journal entry and we cannot assume the court merged the sentences without the court actually expressing that action. Kaine v. Marion PrisonWarden, 88 Ohio St.3d 454, 455, 2000-Ohio-381, 727 N.E.2d 907. Absent the imposition of a disposition on each and every adjudication, I would find the August 5, 2008 judgment entry interlocutory.
 {¶ 36} The majority cites Rep.R. 4 for the assertion that"Huckleby is not binding upon this court; it is only persuasive." Rep.R. 4(B), however, states "(B) All court of appeals opinions issued after the effective date of these rules may be cited as legal authority and weighted as deemed appropriate by the courts." Accordingly, becauseHuckleby, supra, is the only case in the state addressing this issue, the appropriate amount of support was applied in this instance. While the majority disregards Huckleby, this case reasons through the controlling rules and advances the objective of establishing finality as set forth in Baker, supra. Moreover, it goes *Page 14 
without saying that an appellant should be informed with precision about the disposition of all of the charges leveled against him so that he may effectively mount an appeal. Accordingly, I would dismiss the appeal for lack of a final, appealable order.
[1] Juv. R. 34 governs dispositional hearings where a child has been adjudicated abused, neglected or dependent. "In all other juvenile proceedings," such as this one where appellant has been adjudicated a delinquent, "the dispositional hearing shall be held pursuant to Juv. R. 29(F)(2)(a) through (d)." Juv. R. 34(A). *Page 1