JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Patricia Vargo ("appellant"), appeals the trial court's dismissal of her objections to garnishment of her bank account. For the reasons set forth below, we dismiss her appeal for lack of a final, appealable order.
 {¶ 2} On November 14, 2005, plaintiff-appellee, Stumph Road Properties Company, d.b.a. Kimberly Park Apartments ("appellee"), filed a complaint against appellant for unpaid rent due. Appellant timely answered the complaint and filed a counterclaim for failure to return the security deposit.
 {¶ 3} On May 12, 2006, the parties filed an agreed judgment entry in which appellant agreed to pay appellee $4,000.00 plus court costs and interest per a payment plan. Additionally, appellant dismissed her counterclaim against appellee.
 {¶ 4} Appellant failed to make payments in accordance with the agreed judgment entry. As a result, appellee sought garnishment of appellant's bank account. A hearing was held before a magistrate on March 26, 2007. The magistrate recommended that appellant's objections to the garnishment be dismissed.
 {¶ 5} On April 12, 2007, the trial court issued the following judgment entry:
 {¶ 6} "Magistrates report and recommendation: Wage or Attachment hearing date: Objections are dismissed as not being well founded."
 {¶ 7} Appellant now appeals the judgment entry and asserts the following assignment of error for our review: *Page 4 
 {¶ 8} "The court erred in overruling appellee's [sic] objections to garnishment of her bank account, in that the court did not hold an evidentiary hearing to determine whether the funds in said account were exempt from execution."
 {¶ 9} We dismiss this appeal for lack of a final, appealable order. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. St. Rocco's Parish Fed. Credit Union v. Am. Online,151 Ohio App.3d 428, 431, 2003-Ohio-420, 784 N.E.2d 200; Young v. Cincinnati Ins.Co., Cuyahoga App. No. 82395, 2003-Ohio-4196.
 {¶ 10} This court's jurisdiction is limited to reviewing only final orders. "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * *." Section 3(B)(2), Article IV, Ohio Constitution. An order is a final order when it "affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." R.C. 2505.02(B)(1).
 {¶ 11} The main purpose of a final order or judgment is to terminate a case or controversy the parties presented to the trial court for resolution. Harkai v. Scherba Indus., Inc. (2000), 136 Ohio App.3d 211,215, 736 N.E.2d 101. An appellate court is required to review the language used in the judgment entry to determine whether the trial court attained that purpose. Id. In reviewing the judgment entry, we must be *Page 5 
mindful that Civ.R. 53(E)(5) mandates that the court "enter its own judgment on the issues submitted for action and report by the referee." When a court refers a matter to a magistrate, the trial judge must enter a separate and distinct judgment from the magistrate's recommendation that includes "a prescription for action and reflects judicial conduct."Walker v. Walker (Aug. 5, 1987), Summit App. No. 12978. The court inWalker, supra, explained:
 {¶ 12} "The content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court."
 {¶ 13} Furthermore, the judgment entry should be worded in such a manner that the parties need not refer to any other documents to determine the extent of their rights and obligations under the judgment. Id.; Yahraus v. Circleville, Pickaway App. No. 00CA04, 2000-Ohio-2019.
 {¶ 14} In the instant action, the trial court's judgment entry in its entirety states the following:
 {¶ 15} "Magistrates report and recommendation: Wage or Attachment hearing date: Objections are dismissed as not being well founded." *Page 6 
 {¶ 16} Here, we do not find that the order was a separate and distinct instrument from the magistrate's decision, nor did it grant relief on the issues originally submitted to the court. On its face, the judgment entry is ambiguous and confusing. Moreover, it is doubtful the parties in this case were able to decipher their rights and obligations by referring only to the trial court's judgment entry. As this is a garnishment proceeding, the amount of money awarded should be included in the judgment. See Walker, supra ("When money is awarded, a definite amount should be included within the judgment or at the very least, a definite formula for calculating the amount.") In light of the foregoing, we do not find that the judgment entry sufficiently indicates that the court conducted an independent review of the facts and law prior to adopting the magistrate's recommendations. Accordingly, this appeal is dismissed for lack of a final appealable order.
Appeal dismissed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
 PATRICIA ANN BLACKMON, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1