[Cite as *Golden Goose Properties, L.L.C. v. Leizman*, 2013-Ohio-5438.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99937

---

# GOLDEN GOOSE PROPERTIES, L.L.C.

### PLAINTIFF-APPELLEE

vs.

# DANIEL J. LEIZMAN, M.D., ET AL.

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-688377 and CV-688375

**BEFORE:**   E.T. Gallagher, J., Boyle, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   December 12, 2013

## ATTORNEYS FOR APPELLANT

James B. Rosenthal
Joshua R. Cohen
Cohen, Rosenthal & Kramer
Hoyt Block Bldg., Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113


## ATTORNEYS FOR APPELLEES

### For Edward H. Gabelman, M.D.

Jonathan F. Sobel
Kevin R. McMillan
Kabat, Mielziner & Sobel
30195 Chagrin Blvd., Suite 300
Pepper Pike, Ohio 44124


### For Drs. Gabelman And Leizman, Inc.

Benjamin J. Ockner
Berns, Ockner & Greenberger
3733 Park East Drive, Suite 200
Beachwood, Ohio 44122


### For Golden Goose Properties, L.L.C.

Phillip A. Ciano
Andrew S. Goldwasser
Amelia J. Leonard
Ciano & Goldwasser, L.L.P.
1610 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

EILEEN T. GALLAGHER, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant

to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Daniel J. Leizman M.D. ("Leizman"), appeals from a judgment that distributed garnished funds to several parties, including plaintiff-appellee Golden Goose Properties, L.L.C. ("Golden Goose"), and plaintiff-appellee Edward H. Gabelman M.D. ("Gabelman"). Having determined that the trial court's distribution order is not a final, appeal order, we dismiss this appeal for lack of jurisdiction.

{¶3} Gabelman and Leizman were 50/50 shareholders in a corporate medical practice known as Drs. Gabelman and Leizman, Inc. ("GLI"). In 2007, GLI extended its lease for medical office space in the Atrium Center. Shortly thereafter, Golden Goose purchased the building and acquired GLI's three-year lease. In 2008, GLI ceased operations, and Golden Goose filed suit against GLI in Cuyahoga C.P. No. CV-688375 for breach of the lease seeking damages in the amount of $446,540.99.

{¶4} Gabelman also filed suit against GLI in Cuyahoga C.P. No. CV-688377 for breach of contract and against Leizman for breach of fiduciary duty. Liezman filed a counterclaim against Gabelman for breach of fiduciary duty and also filed a claim against GLI for breach of contract. Both Gabelman and Leizman sought deferred compensation from GLI pursuant to their employment contracts. Case No. CV-688377 was consolidated with CV-688375. In December 2008, the trial court determined that Golden Goose, Gabelman, and Leizman had equal priority unsecured claims against GLI.

{¶5} On March 11, 2011, the trial court awarded judgment in favor of Gabelman and against GLI in the amount of $373,885.19 on his contract claim. It also awarded Leizman judgment against GLI in the amount of $9,800 on his contract claim. Golden Goose later obtained a judgment against GLI in the amount of $446,540 on its breach of lease claim. GLI did not hold enough assets to satisfy all these judgments.

{¶6} Golden Goose subsequently garnished $216,000 from GLI's account at Huntington National Bank, and Huntington transferred the funds to the clerk of the Cleveland Municipal Court. Golden Goose later moved the court for an order to distribute the garnished funds among Golden Goose, Gabelman, and Leizman. Gabelman submitted a different proposed distribution that included two other individuals. Leizman objected to both proposed distributions, arguing that it was based on the court's non-final determination that he was only entitled to $9,800 on his contract claim against GLI. The trial court overruled Leizman's objection and ordered the distribution. The common pleas court's order states, in its entirety:

The court orders the following distributions:

To CPA Michael Levine, $4,825

To Plaintiff Golden Goose, $70,840

To Plaintiff Gabelman, $137,240

To Defendant Leizman, $2,920

{¶7} It is undisputed that Golden Goose garnished $216,000 from GLI in execution of its judgment against it for breach of the lease. According to the parties'

briefs, the funds are presently on deposit with the Cleveland Municipal Court. However, it is not clear on the face of the judgment who is obligated to make the distributions described therein. A judgment entry that requires the parties to refer to other documents does not constitute a final appealable order. *Stumph Rd. Properties Co. v. Vargo*, 8th Dist. Cuyahoga No. 89811, 2008-Ohio-1830, ¶ 13.

{**¶8**} In this case, the court's distribution order requires the parties to refer to the court's March 11, 2011 judgment, in which the court determined the damages Gabelman and Leizman were entitled to under their employment contract with GLI. The parties would also have to refer to the final judgment Golden Goose obtained against GLI in the amount of $446,540 for breach of lease. In other words, without referring to other judgment entries in the record, the parties cannot determine their respective rights and obligations. Who is obligated to pay the amounts listed in the distribution order? Thus, the court's distribution order dated May 23, 2013, is not a final appealable order.

{**¶9**} Accordingly, we dismiss this appeal for lack of jurisdiction.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR