[Cite as *Bykova v. McBrayer*, 2013-Ohio-5745.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100172

---

## IRINA BYKOVA

PLAINTIFF-APPELLANT

vs.

## DENISE MCBRAYER

DEFENDANT-APPELLEE

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-791833

**BEFORE:** E.T. Gallagher, J., Boyle, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 26, 2013

**FOR APPELLANT**

Irina Bykova, pro se
3056 West 44th Street
Cleveland, Ohio 44113


**FOR APPELLEE**

Denise McBrayer, pro se
3060 West 44th Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Plaintiff-appellant, Irina Bykova ("Bykova"), appeals the trial court's judgment adopting defendant-appellee's, Denise McBrayer's ("McBrayer"), proposed settlement terms in its final judgment. Having determined that the court's final judgment is not a final, appealable order, we dismiss this appeal for lack of jurisdiction.

**{¶2}** Bykova and McBrayer have had an antagonistic relationship since Bykova and her family moved in next door to McBrayer's house. Although the parties' relationship was hostile from the start, Bykova eventually sought a civil protection order, alleging that McBrayer's behavior had become increasingly aggressive. Following a hearing on the motion, the court ordered the parties to submit proposed terms that the court could adopt in its final decision. The trial court subsequently rendered the following judgment:

> Parties submitted agreed upon terms both of which are hereby incorporated into a court order. The court reserves jurisdiction to enforce the parties' agreed upon terms for coexistence. With any perceived violation of these terms, parties are hereby directed to contact the court at which time a contempt hearing may be scheduled. This matter is hereby deemed resolved.

**{¶3}** The main purpose of a final order or judgment is to terminate the case or controversy the parties presented to the trial court for resolution. *Stumph Rd. Properties v. Vargo*, 8th Dist. Cuyahoga No. 89811, 2008-Ohio-1830, ¶ 13. To terminate the

matter, the court's order must contain a statement of the relief granted to the parties. *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216, 736 N.E.2d 101 (9th Dist.2000). A judgment that does not specify the relief granted does not terminate the action and does not constitute a final, appealable order. *Id*. at 221. Furthermore, a judgment that requires the parties to refer to other documents does not constitute a final, appealable order. *Golden Goose Properties v. Daniel Leizman*, 8th Dist. Cuyahoga No. 99937, 2013- Ohio-5438, ¶ 7, citing *Stumph Rd. Properties* at ¶ 13.

{**¶4**} In this case, the trial court's judgment expressly requires the parties to refer to their proposed lists to determine their respective rights and obligations. The relief purported to be granted is not evident from the face of the judgment entry. Therefore, the court's final judgment is not a final, appealable order.

{**¶5**} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR