[Cite as *Acacia on the Green Condo Assn. v. Jefferson*, 2014-Ohio-2399.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100443

# ACACIA ON THE GREEN CONDO. ASSN.

PLAINTIFF-APPELLEE

vs.

# JEVAUN JEFFERSON, ET AL.

DEFENDANTS-APPELLEES

[APPEAL BY TED PROPERTIES, L.L.C.

DEFENDANT-APPELLANT]

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-08-656304

**BEFORE:** McCormack, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 5, 2014

**ATTORNEYS FOR APPELLANT**

Joseph J. Straka
Morscher & Straka
11711 Lorain Ave. #56
Cleveland, OH 44111

Gregory W. Happ
P.O. Box 546
Medina, OH 44258


**ATTORNEYS FOR APPELLEES**

**For Acacia on the Green Condo. Assn.**

M. Katherine Bushey
Kaman & Cusimano, L.L.C.
50 Public Square
Suite 2000
Cleveland, OH 44113

Joni Todd
Macallister A. West
Sikora Law L.L.C.
8532 Mentor Ave.
Mentor, OH 44060

**For First Horizon Home Loans**

Michael J. Sikora, III
Sikora Law L.L.C.
8532 Mentor Ave.
Mentor, OH 44060

Richard T. Craven
Sikora Law L.L.C.
88 West Main Street
Columbus, OH 43215

**For First Horizon Home Loans** (continued)

Anita L. Maddix
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, OH 45201

**For Jevaun Jefferson**

Michael L. Nelson
55 Public Square
Suite 1500
Cleveland, OH 44113

**For John Doe, Unknown Spouse**

John Doe
Unknown Spouse of
Jevaun Jefferson
183 Millstream Court
Copley, OH 44321

**For Plymouth Park Tax Service, L.L.C.**

Leonard A. Cuilli
Keith D. Weiner & Associates Co., L.P.A.
75 Public Square, 4th Floor
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, TED Properties, L.L.C. ("TED"), appeals from the judgment of the trial court granting defendant-appellee First Horizon Home Loans' ("First Horizon") motion for summary judgment regarding lien priority. We dismiss for lack of a final, appealable order.

{¶2} On April 9, 2008, Acacia on the Green Condominium Association, Inc. ("Acacia"), filed a complaint for foreclosure against the prior owner, defendant Jevaun Jefferson, and First Horizon, seeking foreclosure of its lien on the real property located at 2112 Acacia Drive, Lyndhurst, Ohio. First Horizon filed an answer as well as a cross-claim against TED, alleging that it had a valid and subsisting lien on the property. Thereafter, First Horizon moved the court for summary judgment on the issues of foreclosure, lien priority, and equitable subrogation. TED responded with a motion for summary judgment of its own. The trial court referred the matter to the court's magistrate for disposition.

{¶3} The undisputed facts in the record demonstrate as follows: Sal Culotta purchased the Lyndhurst property in June 2005. Culotta granted two mortgages on the property — the first to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for People's Choice Home Loan, Inc., and the second to TED. The MERS mortgage and the TED mortgage were recorded on June 27, 2005. Jevaun Jefferson then purchased the property from Culotta by warranty deed, which was recorded on July 27, 2007. Jefferson then granted a mortgage to MERS as nominee for First Horizon, the proceeds from which were used to satisfy the Culotta mortgage to MERS, as nominee for

People's Choice Home Loan, Inc. The First Horizon mortgage was recorded on July 27, 2007. After Acacia filed its complaint, Jefferson defaulted on the First Horizon mortgage. The parties agree that TED's mortgage was recorded prior to First Horizon's mortgage. Finally, the record shows that Acacia's lien was recorded in January 2008.

{¶4} The magistrate issued its decision on September 18, 2012, denying First Horizon's motion for summary judgment against TED and granting TED's motion for summary judgment against First Horizon with respect to lien priority. The magistrate found that TED's mortgage was a valid mortgage, First Horizon had constructive or actual knowledge of TED's mortgage, and TED had priority over First Horizon's mortgage. The magistrate further found that plaintiff, Acacia, had a "good, valid and subsisting lien upon the premises." Notably, the magistrate's decision did not expressly state the priority of Acacia's lien. The magistrate then entered an order of foreclosure. First Horizon filed objections to the magistrate's decision.

{¶5} On August 29, 2013, the trial court entered an opinion and order sustaining First Horizon's objections, finding that TED's mortgage did not include any description of the land and, therefore, did not have priority over First Horizon's subsequently and properly recorded mortgage. The court stated that "the Magistrate's decision of September 18, 2012, is affirmed in all respects except as to the matter of lien priority." The court then ordered that "the Sheriff and Clerk of Courts are to follow the order of the Magistrate's Decision of September 18, 2012, while making any necessary adjustments accordingly with regard to the sustaining of Defendant First Horizon's objections to said

decision." The trial court did not expressly enter judgment for foreclosure or order sale of the property. Further, it did not expressly hold that First Horizon had the first and best lien.

{¶6} On appeal, TED raised four assignments of error, alleging the trial court erred in sustaining First Horizon's objections to the magistrate's decision. This court, however, sua sponte ordered the parties to brief the issue whether the trial court's order is a final, appealable order. Both TED and First Horizon responded, contending that it is a final order with respect to the determination of the priority of liens.

{¶7} Appellate courts have jurisdiction to review and affirm, modify, or reverse judgments or final orders from lower courts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. Therefore, "'[i]f an order is not final, then an appellate court has no jurisdiction.'" *CitiMortgage, Inc. v. Roznowski*, Slip Opinion No. 2014-Ohio-1984, ¶ 10, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). A trial court's order is a final, appealable order only if the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, are satisfied. *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶8} Where a trial court reviews objections to a magistrate's decision, the trial court's journal entry must be a "'separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the court,'" in order to constitute a final, appealable order. *Wells Fargo Bank, N.A. v. Allen*, 8th Dist. Cuyahoga No. 96611, 2012-Ohio-175, ¶ 7, quoting *Flagstar Bank, F.S.B. v. Moore*, 8th

Dist. Cuyahoga No. 91145, 2008-Ohio-6163, ¶ 1. In other words, the trial court must enter its own judgment including "'a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court.'" *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 7 (8th Dist.), quoting *Flagstar Bank* at ¶ 8.

{¶9} This court recently reiterated that a trial court's order must specify the relief afforded the parties in order to conclude the matter:

> To terminate the matter, the court's order must contain a statement of the relief granted to the parties. *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216, 736 N.E.2d 101 (9th Dist.2000). A judgment that does not specify the relief granted does not terminate the action and does not constitute a final, appealable order. *Id.* at 221. Furthermore, a judgment that requires the parties to refer to other documents does not constitute a final, appealable order. *Golden Goose Properties v. Daniel Leizman*, 8th Dist. Cuyahoga No. 99937, 2013-Ohio-5438, ¶ 7, citing *Stumph Rd. Properties* [*v. Vargo,* 8th Dist. Cuyahoga No. 89811, 2008-Ohio-1830,] at ¶ 13.

*Bykova v. McBrayer*, 8th Dist. Cuyahoga No. 100172, 2013-Ohio-5745, ¶ 3.

{¶10} Generally, a determination that a party has the first and best lien is a final, appealable order. *Queen City S. & L. Co. v. Foley*, 170 Ohio St. 383, 165 N.E.2d 633 (1960), paragraph one of the syllabus. Where the trial court fails to make a

determination as to the priority of liens, however, the trial court's order of foreclosure and sale is not a final, appealable order and any appeal taken from that order must be dismissed in accordance with Civ.R. 54(B). *Wells Fargo Bank, N.A.* at ¶ 10, citing *Culkar v. Fanter*, 8th Dist. Cuyahoga No. 48151, 1984 Ohio App. LEXIS 12092 (Dec. 27, 1984).

{¶11} Here, the parties argue that the trial court's order of August 29, 2013, made a determination with respect to the priority of liens. However, while the order arguably determined that First Horizon had first priority, the order does not include a clear pronouncement of that determination. Although the trial court clearly held that the recordation of TED's mortgage did not provide it with priority over subsequently recorded mortgages, we are left to presume that in making this statement, the court intended to conclude that First Horizon therefore has the first and best lien. This presumption, while logical, is not supported by an express statement of the relief granted the parties.

{¶12} Moreover, the court's order does not specifically address Acacia's lien. While it is undisputed that Acacia's lien was filed later than TED's and First Horizon's liens, we cannot assume that Acacia's lien is inferior to them for purposes of the court's entering a final judgment, especially considering that the magistrate's decision did not expressly state the priority of Acacia's lien and the court expressly excepted the magistrate's decision regarding lien priority from its order. Finally, the trial court did not

enter in its order of August 29, 2013, the order of foreclosure included in the magistrate's decision.

**{¶13}** In light of the above, we find that the trial court's order "to follow the order of the Magistrate's Decision of September 18, 2012, while making any necessary adjustments accordingly with regard to the sustaining of Defendant First Horizon's objections to said decision" is not a final, appealable order. This court therefore lacks jurisdiction and we must dismiss the appeal.

It is ordered that appellees recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR
KEYWORDS:

*Acacia on the Green Condo. Assn. v. Jevaun Jefferson, et al.,* Appeal No. 100443

Final, appealable order; foreclosure; lien priority; magistrate's decision. Where the trial court failed to make an express determination as to the priority of liens in a foreclosure action and required the parties to refer to the magistrate's decision, its order is not a final, appealable order. This court has no jurisdiction and must therefore dismiss the appeal.