[Cite as *Golden Goose Properties, L.L.C. v. Leizman*, 2014-Ohio-4384.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101002**

# GOLDEN GOOSE PROPERTIES, L.L.C.

PLAINTIFF-APPELLEE

vs.

# DANIEL LEIZMAN, M.D., ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-09-688375 and CV-09-688377

**BEFORE:**  Jones, P.J., Rocco, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  October 2, 2014

**ATTORNEYS FOR APPELLANT**

James B. Rosenthal
Joshua R. Cohen
Cohen, Rosenthal & Kramer
Hoyt Block Bldg., Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

**For Golden Goose Properties**

Andrew S. Goldwasser
J. Matthew Linehan
Ciano & Goldwasser, LLP
1610 Midland Bldg.
101 Prospect Avenue, West
Cleveland, Ohio 44115

**For Dr. Edward Gabelman**

Kevin R. McMillan
Kabat, McMillan, Mielziner, & Sobel
30195 Chagrin Blvd., Suite 300
Pepper Pike, Ohio 44124

**For Drs. Gabelman and Leizman, et al.**

Jonathan F. Sobel
Kabat, McMillan, Mielziner & Sobel
30195 Chagrin Blvd.
Suite 300
Pepper Pike, Ohio 44124


**For Drs. Gabelman and Leizman, Inc.**

Benjamin J. Ockner
Berns, Ockner & Greenberger, L.L.C.
3733 Park East Drive
Suite 200
Beachwood, Ohio 44122

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Daniel J. Leizman M.D., appeals from a judgment that distributed garnished funds to several parties, including plaintiff-appellee Golden Goose Properties, L.L.C., and plaintiff-appellee Edward H. Gabelman M.D. (hereinafter referred to individually as "Golden Goose" and "Gabelman" or collectively as "appellees"). We reverse and remand.

## I. Procedural History and Facts

**{¶2}** This case involves the closure of a medical practice. Drs. Gabelman and Leizman were 50/50 shareholders in a corporate medical practice known as Drs. Gabelman and Leizman, Inc. ("GLI").[1] In 2007, the medical practice extended its lease for medical office space in the Atrium Center, owned by Leizman and his wife. Shortly thereafter, the Leizmans sold the Atrium Center to Golden Goose Properties. Golden Goose acquired GLI's three-year lease. In 2008, GLI ceased operations.

**{¶3}** Two lawsuits were filed in March 2009. In Cuyahoga C.P. No. CV-09-688375, Golden Goose filed suit against GLI for breach of the lease, seeking damages in the amount of $446,540.99. In Cuyahoga C.P. No. CV-09-688377, Gabelman filed a complaint against GLI for breach of contract and against his former partner, Leizman, for breach of fiduciary duty. Leizman counterclaimed against Gabelman for breach of fiduciary duty and also filed a cross-claim against GLI for breach of contract.

---

[1]Portions of these facts are taken from the previous appeal in this matter, *Golden Goose Properties, L.L.C. v. Leizman*, 8th Dist. Cuyahoga No. 99936, 2013-Ohio-5438, ¶ 3-6.

Both Gabelman and Leizman alleged they were owed compensation from GLI pursuant to their employment contracts. Gabelman alleged he was owed $373,885.19 and Leizman alleged he was owed $308,877.35 under the contract with GLI.

{¶4} Case No. CV-688377 was transferred to the judge handling Case No. CV-688375 for consolidation, and as is often the practice in complex commercial litigation, the trial court continued to maintain separate dockets for the two cases.

{¶5} Of importance to this appeal is Golden Goose's claim against GLI for unpaid rent in Case No. CV-688375 and the doctors' claims against GLI for unpaid wages in Case No. CV-688377. In December 2009, the trial court determined that Golden Goose, Gabelman, and Leizman had equal-priority unsecured claims against GLI.

{¶6} On March 11, 2011, the trial court issued a journal entry and an eight- page opinion awarding Gabelman $373,885.19 and Leizman $9,800 on their breach of contract claims against GLI, but docketed the entry in Case No. CV-688375 (the breach of lease case) instead of docketing the entry in Case No. CV-688377 (the breach of contract case).

{¶7} On December 1, 2011, the trial court awarded Golden Goose $446,540.09 on its breach of lease claim against GLI in Case No. CV-688375. The order stated that Case No. CV-688377 would remain open.

{¶8} On December 13, Golden Goose transferred its judgment against GLI to the Cleveland Municipal Court for garnishment purposes. The municipal court garnished $216,000 from GLI's account at Huntington National Bank and the bank transferred the funds to the clerk of the Cleveland Municipal Court.

{¶9} Meanwhile, in the common pleas court, Golden Goose motioned the court in both cases for an order to distribute the garnished funds among Golden Goose, Gabelman, and Leizman. Gabelman submitted a proposal of how he thought the funds should be distributed, which included payment to a non-party accountant. Leizman objected to both GLI and Gabelman's proposed distributions, arguing that the proposed distribution was based on the court's non-final determination that Leizman was only entitled to $9,800 on his contract claim against GLI. The trial court overruled Leizman's objection and ordered the distribution.

{¶10} Leizman appealed, but this court dismissed his appeal finding that the trial court's distribution order was not a final appealable order. *Leizman*, 8th Dist. Cuyahoga No. 99936, 2013-Ohio-5438, ¶ 8.

{¶11} The trial court subsequently issued the following distribution order on January 22, 2014:

> IT IS FURTHER ORDERED that of the funds held by the Cleveland Municipal Court in Case No. 2011 CVH 022466, Drs. Gabelman & Leizman, Inc. shall distribute the following amounts:
>
> To CPA Michael Levine, $4825
>
> To Plaintiff Golden Goose, $70,840.00
>
> To Plaintiff Gabelman, $137,240.00
>
> To Defendant Leizman, $2920
>
> * * * *

NO JUST CAUSE FOR DELAY.

## II. Assignments of Error

**{¶12}** Leizman filed a notice of appeal and raises three assignments of error for review. As an initial matter, we note that the assignments of error that are listed in Leizman's table of contents mirror those that are argued in his brief. The assignments of error listed on the page titled "Statement of Assignments of Error Presented for Review" differ. We employ our discretion to list and discuss the assignments of error Leizman set forth in the table of contents and body of the brief. The arguments he set forth on the assignment of error page are listed below each coordinating assignment of error, in parentheses:

I. The Common Pleas Court's January 22, 2014 Order of Distribution Is Appealable Under R.C. 2505.02(B)(4).

(1. The Common Pleas Court erred in granting a non-judgment creditor's request for distribution of garnished funds when that creditor's claim is not the subject of a final, appealable order, and when the creditor is not a party to the garnishment.)

II. The Common Pleas Court's Order Adjudicating Dr. Leizman's and Dr. Gabelman's Claims Against GLI Is A Non-Final, Non-Appealable Order In Case No. 688377.

(2. The Common Pleas Court erred in granting a judgment creditor's motion for distribution of funds from a garnishment when that creditor's pro-rata distribution was calculated based on amounts owed to two other creditors whose claims are not the subject of a final judgment, and a third creditor whose claim was not even the subject of a lawsuit.)

III. The Court's Order of Distribution Constitutes An Order In Aid Of Execution Impermissibly Based On Non-Final, Non-Appealable Orders.

(3. The Common Pleas Court erred in ordering execution against a debtor

in amounts based, in part, upon non-final "orders" in favor of two creditors, rather than final judgments.)

### III. Law and Analysis

**Final Appealable Order**

**1. January 2014 Judgment Entry**

**{¶13}** In the first assignment of error, Leizman explains why the January 2014 judgment entry ordering the distribution of garnished funds was a final, appealable order. Golden Goose and Gabelman claim that the judgment entry did not constitute a final, appealable order and ask that this appeal be dismissed. This is a threshold issue; if the order Leizman is appealing is not a final order, then we do not have jurisdiction over this appeal.

**{¶14}** R.C. 2505.02(B) states that final appealable orders include:

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶15}** Leizman argues that the trial court's order is appealable pursuant to R.C. 2505.02(B)(4) because it was a provisional remedy. A provisional remedy is a proceeding ancillary to an action. R.C. 2505.02(A)(3). Leizman argues that an order in aid of execution of Golden Goose's final judgment was ancillary; Gabelman argues that it was not; we note that neither party cites to any authority to support their argument.

**{¶16}** Most ancillary proceedings relate to pre-judgment case management issues, e.g., injunctive relief, privileged discovery, suppression of evidence, etc. While this appeal partially deals with what is arguably a post-judgment matter (due to Golden Goose's judgment against GLI), it is attendant upon or aids the main action by attempting to fairly distribute the available funds among the parties and a nonparty. The trial court's January 2014 order makes a full disposition of the funds being held by the municipal court and so effectively determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party. In other words, once the funds are distributed, there is no way to get them back. Therefore, contrary to the appellees' arguments, Leizman will not be afforded a meaningful or effective remedy following a final judgment as to all claims.

**{¶17}** The January 2014 judgment entry may also be interpreted as an order affecting a substantial right made upon a summary application in an action after judgment. R.C. 2505.02(A)(2). In *MBNA Am. Bank v. Bailey*, 9th Dist. Summit No. 22912, 2006-Ohio-1550, ¶ 7, the court held that "a motion for an order of garnishment is a summary application filed in an action after judgment has already been entered in favor of

the judgment creditor." Similarly, here, a motion for distribution of funds held pursuant to a garnishment could be interpreted as a summary application because at least one of the parties, Golden Goose, had a final judgment that formed the basis for the garnishment.

{¶18} If the order is a "summary application * * * after judgment," based on Golden Goose's judgment in Case No. CV-09-688375, we must next determine whether the order affects a "substantial right." The parties agree that GLI will not be able to satisfy all of the judgments against it. Therefore, the garnished funds being held by the Cleveland Municipal Court are a part of the limited pool of available funds. Distribution of those funds will make it difficult, if not impossible, for the parties to collect all monies due to them. Each party has an interest in preserving the pool of funds and collecting as much of the judgment as they can. Therefore, we also find that a "substantial right" is at stake.

{¶19} In light of the above, the January 2014 order was a final, appealable order.

## 2. March 11, 2011 Judgment Entry

{¶20} In the second and third assignments of error, Leizman argues that the opinion and entry the court issued on March 11, 2011 in Case No. CV-688375 was not a final, appealable order. Leizman argues throughout his appeal that this court should reverse the January 21, 2014 order of distribution because the order aids in the execution of the March 11, 2011 order that was not a final, appealable order.

{¶21} At this juncture, we again note the procedural history of each case. **Case No. CV-688375**

**{¶22}** In Case No. CV-688375, Golden Goose sued GLI and other entities for breach of the Atrium Center lease. In September 2009, the trial court granted a partial summary judgment in favor of Golden Goose. On March 11, 2011, the trial court issued an order and eight-page opinion in which it declared the amount of damages Gabelman and Leizman were entitled to pursuant to their employment contract with GLI. The court concluded:

> Gabelman is entitled to $373,885.19 pursuant to Section 7(c) of his Employment Contract as stipulated by the parties; Leizman is not entitled to any compensation under Section 7(c); and is entitled to $9,800 under Section 4 of his Employment Contract. The funds should be distributed pursuant to the Court's previous Orders.

**{¶23}** Although the trial court docketed the opinion and order in Case No. CV-688375, Gabelman was not a party to that case and there was no breach of employment contract claim in the complaint. Again, the claims set forth in Case No. CV-688375 were solely for breach of the lease.

**{¶24}** In December 2011, the trial court issued an order declaring that Golden Goose was entitled to damages in the amount of $446,540.09 for breach of the lease. The court indicated that the order was "FINAL. No just cause for delay." The order expressly provided that Case No. CV-688377 would remain open.

**{¶25}** Leizman did not appeal from the December 2011 order, but he was also no longer a party to the case; Golden Goose dismissed the Leizmans from Case No.

CV-688375 on July 14, 2011.

{¶26} On December 16, 2013, Leizman motioned the trial court, in both cases, for a nunc pro tunc order to correct the case number on its March 11, 2011 journal entry.

**Case No. CV-688377**

{¶27} Gabelman filed suit against GLI for breach of contract and Leizman for breach of fiduciary duty in March 2009. Leizman counterclaimed against Gabelman for breach of fiduciary duty and filed a cross-claim against GLI for breach of contract.

{¶28} In January 2011, the trial court granted Gabelman's motion for summary judgment on Leizman's counterclaim for breach of fiduciary duty but denied Leizman's motion for summary judgment on Gabelman's claim for breach of fiduciary duty. Therefore, Gabelman's claim for breach of fiduciary duty against Leizman is still pending.

{¶29} Case No. CV-688377 was transferred to the judge handling Case No. CV-688375 for consolidation, and although separate dockets were maintained for each case, multiple docket entries were made under the wrong case number, including the March 11, 2011 opinion and order.[2]

{¶30} Leizman claims that he could not, and still cannot, challenge the March 11, 2011 order because it is not yet ripe for review. He further maintains that he will appeal the March 11, 2011 order once it becomes final because the court awarded him only $9,800 on a $308,877.35 claim.

---

[2]We also note with some concern that it appears as though Gabelman, a non-party in Case No. CV-688375, filed multiple motions in the case and the trial court relied on those motions in at least one of its rulings. *See, e.g.,* Opinion and Order dated July 21, 2011.

{¶31} The appellees contend that Leizman is precluded from challenging the March 2011 order because it merged into the December 1, 2011 final judgment in Case No. CV-688375, became appealable at that time, and Leizman did not timely appeal it. We disagree with the appellees' contention.

{¶32} When two cases are consolidated, they are not merged into a single cause but maintain their individual identities. *Monus v. Day*, 7th Dist. Mahoning No. 10 MA 35, 2011-Ohio-3170, ¶ 75, citing *Transcon Builders, Inc. v. Lorain*, 49 Ohio App.2d 145, 359 N.E.2d 715 (9th Dist.1976), syllabus. Consolidation of cases under Civ.R. 42(A) is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single case. *Carvell v. Kozar*, 8th Dist. Cuyahoga Nos. 55275 and 55277, 1989 Ohio App. LEXIS 2517, *6 (Oct. 25, 1989), citing *Transcon Builders* at 150. "[C]onsolidation * * * does not merge the suits into a single cause, or change the rights of the parties, *or make those who are parties in one suit parties in another.*" (Emphasis added.) *Id.,* citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-497, 53 S.Ct. 721, 77 L.Ed. 1331 (1933).

{¶33} The March 11, 2011 judgment entry in Case No. CV-688375 purported to adjudicate contract claims that were originally asserted in Case No. CV-688377, while the December 1, 2011 judgment entry adjudicated claims that were only asserted in Case No. CV-688375. The December 1, 2011 entry also expressly provided that "the Court Orders that consolidated Case No. 688377 remains open."

{¶34} We further note that the March 11, 2011 judgment entry did not contain a

Civ.R. 54(B) certification. "Individual cases that have been consolidated may not be appealed until the consolidated case reaches its conclusion absent Civ.R. 54(B) certification in the judgment entry." *Keller v. Kehoe*, 8th Dist. Cuyahoga No. 89218, 2007-Ohio-6625, ¶ 8, citing *Whitaker v. Kear*, 113 Ohio App.3d 611, 614, 681 N.E.2d 973 (4th Dist.1996). Leizman was also no longer a party to Case No. CV-688375 in December 2011, Gabelman having dismissed him from the suit the previous July; therefore, Leizman would not have had standing to appeal the court's December 1, 2011 order.

{¶35} The appellees argue that Leizman should have brought the court's docketing error to the court's attention in a timely manner if he wanted to challenge it. But not only did Leizman immediately ask the trial court for clarification of its December 1, 2011 order or certification so he could appeal it, it would be wholly inequitable to preclude Leizman from challenging a judgment on his breach of contract claim because he did not inform the court of an error on a case to which he was no longer a party. It would also be unfair to punish Leizman for the court's own clerical error; the March 11, 2011 order was clearly docketed under the wrong case number.

### 3. Distribution Order

{¶36} The March 11, 2011 judgment entry and opinion was docketed under the wrong case number. It was not a final, appealable order and did not become one in December 2011 simply because the trial court added Civ.R. 54(B) language. "Merely including Civ.R. 54(B) language into an otherwise non-final order does not transform it

into a final one." *Bristol Twp. Bd. of Trustees v. Haney*, 11th Dist. Trumbull No. 2010-T-0084, 2010-Ohio-3965, ¶ 5. Thus, while the December 1, 2011 order disposing of Golden Goose's breach of lease claim against GLI may have been a final order, the March 11, 2011 order did not merge into it and become a final, appealable order.

**{¶37}** As such, the trial court abused its discretion in ordering the Cleveland Municipal Court to distribute GLI's funds. The trial court's distribution order was based on what percentage the trial court found each party — Golden Goose, Gabelman, Leizman, and a nonparty accountant — should receive of GLI's funds. The funds may not properly be distributed until the remaining claims, including Leizman's breach of contract claim, are fully litigated.

**{¶38}** The assignments of error are sustained.

### IV. Remand Instructions

**{¶39}** Therefore, the trial court is ordered to correct its March 11, 2011 judgment entry and opinion to reflect the correct case number, CV-09-688377. The trial court's January 22, 2014 order of distribution is hereby reversed.

**{¶40}** Judgment reversed; case remanded.

It is ordered that appellant recover of appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

___

LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MELODY J. STEWART, J., CONCUR