[Cite as *Redrock Fin. v. Holland*, 2025-Ohio-450.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| REDROCK FINANCIAL, | : | |
| Plaintiffs-Appellees, | : | No. 113496 |
| v. | : | |
| ANTHONY HOLLAND, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 13, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-910639

*Appearances:*

The Saks Law Office, LLC, and Jeffrey Saks, *for appellee*, Redrock Financial LLC.

Reminger Co., L.P.A., David R. Hudson, Taylor C. Knight, and Jorden R. Messmer, *for appellees* XRRF, Inc., Chaparral, Inc., and Robert J. Fleisher.

Frederick & Berler, LLC, Ronald I. Frederick, and Michael L. Berler, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Anthony Holland ("Holland") filed the instant appeal disputing the trial court's (1) grant of summary judgment in favor of counterclaim defendant-appellee

Redrock Financial, LLC ("Redrock LLC") on Holland's counterclaim; (2) grant of XRRF, Inc. ("XRRF"); Chaparral, Inc. ("Chaparral"); and Robert J. Fleisher's ("Fleisher") combined motion for judgment on the pleadings; and (3) denial of Holland's motion to amend his third-party complaint following the third-party defendants' motion for judgment on the pleadings. After a thorough review of the record and pertinent case law, this court dismisses this appeal for want of a final, appealable order.

## I.   Factual and Procedural History

### A. The Initial Case in Euclid Municipal Court Against Holland

{¶ 2}  On May 2, 2018, "Redrock Financial Inc. assignee Chaparral, Inc. DBA Northcoast Financial Services" ("Redrock Inc.") filed a complaint in the Euclid Municipal Court naming Holland as the sole defendant. Redrock Inc. alleged that Holland was in default of the terms of a retail installment contract and security agreement, originally entered into with LCA Auto Wholesalers ("LCA") and subsequently acquired by Redrock Inc., and demanded judgment in the amount of $4,496.42, plus interest and costs.

{¶ 3} On June 4, 2018, Holland filed an answer and counterclaim, alleging violations of the Consumer Sales Practices Act ("CSPA") pursuant to R.C. 1345.03 and fraud. Holland amended his answer and counterclaim, raising violations of the CSPA, the Retail Installment Sales Act ("RISA"), the Truth in Lending Act ("TILA"), the Ohio Uniform Commercial Code ("OUCC"), fraud, and civil conspiracy, and added class claims on behalf of other similarly situated consumers.

**B. Holland's Complaint in the Common Pleas Court**

{¶ 4} While the Euclid Municipal Court matter was pending, on November 6, 2018, Holland filed a complaint against LCA in the Cuyahoga County Court of Common Pleas, which was assigned Cuyahoga C.P. No. CV-18-906528 (the "2018 Case"). In the complaint, Holland asserted claims against LCA for alleged violations of RISA and TILA.

**C. Transfer and Consolidation**

{¶ 5} On December 28, 2018, the Euclid Municipal Court transferred the case to the Cuyahoga County Court of Common Pleas because Holland's answer and counterclaim exceeded the monetary jurisdiction of the municipal court. The transfer was assigned Cuyahoga C.P. No. CV-19-910639 (the "2019 Case").

{¶ 6} After the case was transferred, Redrock Inc. moved the court to substitute Redrock LLC as the plaintiff in the action, noting that "[w]hen this action was initially filed in May of 2018 in Euclid Municipal Court, the plaintiff was incorrectly listed as Redrock Financial Inc. assignee Chaparral, Inc. dba Northcoast Financial Services. Redrock Financial, LLC and Redrock Financial, Inc. are separate and distinct entities." This motion was granted.

{¶ 7} Holland then moved to consolidate his suit against LCA in the 2018 Case with Redrock LLC's suit against Holland in the 2019 Case. In a journal entry dated February 27, 2019, the trial court in the 2019 Case ordered that case "transferred . . . for consolidation with [the 2018 Case]." Similarly, on March 21, 2019, the court granted Holland's motion to consolidate on the docket of the 2019

Case. Thereafter, the docket reveals that filings by the court were typically, though not always, recorded on the dockets of both case numbers, while the parties typically filed their papers, including substantive motions, under the 2018 Case.

{¶ 8} With leave from the trial court, on February 3, 2020, Holland filed a "second amended class action counterclaim & third-party claim" and designated XRRF, Chaparral, and Fleisher as "third-party defendants." This was filed in the 2019 Case.

{¶ 9} Redrock LLC filed a motion for summary judgment on Holland's amended counterclaim on July 2, 2020. XRRF, Chaparral, and Fleisher moved for judgment on the pleadings in June 2022, asking for dismissal of the "third-party complaint" arguing they were not properly before the court as third-party defendants.

{¶ 10} The trial court granted Redrock LLC's motion for summary judgment on Holland's counterclaims in a judgment entry docketed on September 16, 2023. The trial court also granted XRRF, Chaparral, and Fleisher's motion for judgment on the pleadings and dismissed Holland's "third-party" complaint in its entirety in November 2023.[1]

{¶ 11} Shortly after the trial court's rulings, Redrock LLC filed a notice dismissing "all of its claims in Case No. CV-19-910639 *with* prejudice pursuant to

---

[1] The journal entry granting Redrock LLC's motion for summary judgment on Holland's counterclaims was entered in the dockets of both the 2018 and the 2019 cases. In contrast, the journal entry granting XRRF, Chaparral, and Fleisher's motion for judgment on the pleadings appears only in the docket for the 2018 Case.

Rule 41(A)(1)(a)." The dockets for both the 2018 and 2019 cases reflect Redrock LLC's notice of dismissal. A docket entry in the 2019 Case dated November 22, 2023, states, "Upon Plaintiff's notice of dismissal with prejudice, filed 11/22/2023, this case is dismissed with prejudice pursuant to Civ.R. 41(A)(1)(a)." No similar entry appears in the docket of the 2018 Case.

{¶ 12} On November 28, 2023, Holland filed a motion in the 2019 Case asking for clarification regarding (1) the court's dismissal that was journalized only in the 2019 Case, (2) whether the whole case had been disposed, and (3) the finality of the orders entered in the case. It appears that the court did not respond to this motion in either case, and Holland filed the instant appeal on December 19, 2023.

## II. Law and Analysis

### A. Preliminary Concern: Jurisdiction

{¶ 13} Appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* art. IV, § 3(B)(2), Ohio Const.; R.C. 2505.02 and 2505.03. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.).

{¶ 14} At the conclusion of briefing, this court ordered the parties to file supplemental briefs discussing the issue of jurisdiction and whether this case presented a final, appealable order. Of concern was that Holland only appealed from the 2019 Case, not the 2018 Case. The briefing demonstrated that Holland

attempted to appeal the 2018 Case but was prevented from doing so due to a technical error in the efiling system.

{¶ 15} "Once consolidated, all of the claims and all of the parties in each case must be disposed of before a judgment is final, absent a finding of 'no just reason for delay' pursuant to Civ.R. 54(B)." *Bender v. Diemert*, 1991 Ohio App. LEXIS 1170, at * 3 (8th Dist. Mar. 21, 1991); *see also Klein v. Howard, Wershbale & Co.*, 2004-Ohio-2010 (8th Dist.); *Golden Goose Properties, LLC v. Leizman*, 2014-Ohio-4384, ¶ 34 (8th Dist.). "It is well-established that the conclusion of one case in a consolidated action does not constitute a final appealable order." *Maggard v. Zervos*, 2004-Ohio-5296, ¶ 3 (11th Dist.), citing *Mezerkor v. Mezerkor*, 70 Ohio St.3d 304 (1994).

{¶ 16} In his brief, however, Holland directs us to two cases we find necessary to distinguish. In *Redman v. Ohio Dept. of Indus. Relations*, 75 Ohio St.3d 399, 401, fn. 2 (1996), the Ohio Supreme Court held that it was disregarding *Mezerkor* because "the unique set of facts involved in the case *sub judice* . . . had been fully litigated and were poised for judgment in the common pleas court." The Court elaborated that "[t]he consolidation was only to ensure that the same judge would dispose of all of the cases. It is in the best interest of judicial economy for us to proceed to consider the issues raised." *Id.* In other words, *Redman* presented an outlier case where the Ohio Supreme Court determined that it was necessary to stray from *Mezerkor*'s general holding that unresolved claims in consolidated cases bar appellate jurisdiction. We do not find this unique, outlier holding in *Redman* is

applicable to this case, especially because the issues have not been fully litigated, and elect to follow *Mezerkor*'s holding. Additionally, *Mezerkor*'s guidance surrounding the appealability of consolidated appeals remains good law that has been cited by numerous Ohio courts for its holding as recently as 2024. *See, e.g.*, *Bainbridge Twp. Zoning Inspector v. Co-Op*, 2024-Ohio-1008, ¶ 4 (11th Dist.) (dismissing the appeal because the consolidated case remained partially unresolved and there was no Civ.R. 54(B) language in the judgment being appealed); *Zhong v. Liang*, 2020-Ohio-3724, ¶ 19 (8th Dist.) (same, but taking judicial notice that a motion for prejudgment interest was outstanding in a consolidated case that had not been appealed); *Moore v. Gross*, 2010-Ohio-3328, ¶ 12 (10th Dist.).

{¶ 17} Holland also directs us to *Hall v. Hall*, 584 U.S. 59 (2018). At the outset, we note that this case applies to the Federal Rules of Civil Procedures and has never been cited or applied by an Ohio court. In *Hall*, the United States Supreme Court addressed Fed.Civ.R. 42(a), as it was newly amended, and determined that its amendment did not depart from the traditional understanding that "when one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision . . ." *Id.* at 78. This is not the traditional understanding in Ohio Courts. *See Noble v. Colwell*, 44 Ohio St.3d 92 (1989), syllabus. ("An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable."); *Mezerkor* at 308.

{¶ 18} Here, the claims brought by Holland against LCA in the 2018 Case are still outstanding; the claims have not been voluntarily dismissed by Holland or otherwise disposed of through motion practice. Holland acknowledges as much in his supplemental brief, stating that "the consolidated case contains a claim that remains pending against the defunct defendant [LCA] . . . . " Further, the trial court's judgments granting Redrock LLC's motion for summary judgment and XRRF, Chaparral, and Fleisher's motion for judgment on the pleadings do not contain Civ.R. 54(B) language, nor has any argument been presented that R.C. 2505.02 is not applicable to this matter.

{¶ 19} Accordingly, we find that this court lacks jurisdiction to review this appeal based on the unresolved and undisposed-of claims against LCA that Holland filed in the 2018 Case.

{¶ 20} Appeal dismissed.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR